PAGE OF 1
E-FILE: 12/28/21 TO CURRENT

# CIVIL DOCKET, DISTRICT COURT

CASE NO. A-0209040-

| NUMBER OF CASE | NAMES OF PARTIES | ATTORNEYS | KIND OF ACTION | DATE OF FILING |
|---|---|---|---|---|
| A-0209040- | RAMIREZ, MARIA ISABEL | BERTINI, CHRISTOPHER D  PLFT | PERSONAL INJURY | 12/28/2021 |
| | VS | NO ATTORNEY AT THIS TIME DEFT | DISPOSITION DATE | JURY FEE | DATE |
| | RCI HOSPITALITY HOLDINGS INC | | | |

| DATE OF ORDERS | ORDERS OF THE COURT | PROCESS |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | I CERTIFY THIS IS A TRUE COPY |
| | | Witness my Hand and Seal of Office |
| | | FEB - 3 2022 |
| | | JAMIE SMITH, DISTRICT CLERK |
| | | JEFFERSON COUNTY, TEXAS |
| | | BY _____ DEPUTY |
| | | |

CITATION

C0209040---00003

# THE STATE OF TEXAS

**No. A-0209040**

**MARIA ISABEL RAMIREZ ET AL**
**VS. RCI HOSPITALITY HOLDINGS INC ET AL**

INTERROGATORIES
REQUEST FOR ADMISSIONS
REQUEST FOR PRODUCTION
OTHER *Request for disclosure*

## CITATION

### 58 th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:   **CITY OF BEAUMONT**
      **BY SERVING ITS CITY SECRETARY**
      **TINA BROUSSARD**

by serving at:
**801 MAIN STREET**
**SUITE 125**
**BEAUMONT, TX   77701**

Came To Hand: 11/30/2021

Delivered: 01/04/2022

By: D.Johnson - 18715

DEFENDANT:

NOTICE:

        You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at Texas Lawhelp.org." Said answer may be filed by E-filing through efiletexas.gov, if represented by an attorney, or if filed pro se by delivering or mailing same to: District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701. The case is presently pending before the 58 th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 28th day of December 2021. It bears cause number A-0209040 and is styled:

Plaintiff:

MARIA ISABEL RAMIREZ ET AL

VS.

RCI HOSPITALITY HOLDINGS INC ET AL

Defendant:

        The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

BERTINI, CHRISTOPHER D, Atty.
2417 MARKET, STE 106 THE 1894 LALOR BLDG
GALVESTON, TX  77550

        The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)  accompanying this citation and made a part thereof.

        Issued under my hand and the seal of said court at Beaumont, Texas, this the 28th day of December, 2021.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY

Jennifer

Deputy

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
12/28/2021 6:25 AM
JAMIE SMITH
DISTRICT CLERK
A-209040

CAUSE NO. _____

| | |
|---|---|
| MARIA ISABEL RAMIREZ, MANUEL § | IN THE DISTRICT COURT OF |
| RAMIREZ, SR., EACH INDIVIDUALLY & § | |
| AS REPRESENTATIVES OF THE ESTATE § | |
| OF MANUEL RAMIREZ, JR.; AMISADAI § | |
| PEREZ CASTELLANOS ANF OF Z____, A § | JEFFERSON COUNTY, TEXAS |
| MINOR AND SYLVIA GOMEZ ANF OF § | |
| N_____, AND E_____, MINOR § | |
| CHILDREN § | |
| *Plaintiff,* § | _____ JUDICIAL DISTRICT |

**v.**

RCI HOSPITALITY HOLDINGS, INC.,
AND CITY OF BEAUMONT
    *Defendants.*

## *PLAINTIFFS' ORIGINAL PETITION*

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **MARIA ISABEL RAMIREZ AND MANUEL RAMIREZ, SR., EACH INDIVIDUALLY AND AS REPRESENTATIVES OF THE ESTATE OF MANUEL RAMIREZ, JR.**, AMISADAI PEREZ CASTELLANOS AS NEXT FRIEND OF Z_____, A MINOR AND SYLVIA GOMEZ, AS NEXT FRIEND OF Z_____, and E_____, MINORS Plaintiffs, complaining of **RCI HOSPITALITY HOLDINGS INC. AND CITY OF BEAUMONT**. Defendant, and in support would show the Court as follows:

### I.    DISCOVERY CONTROL PLAN LEVEL AND NATURE OF ACTION

Discovery is intended to be conducted under Level 3 of the Texas Rules of Civil Procedure 190. Plaintiffs plead that they seek monetary relief in the amount over one million dollars.

This is a wrongful death and survival action arising out of the tragic death of MANUEL RAMIREZ, JR., decedent, on July 24, 2020 *See* Tex. Civ. Prac. & Rem. Code § 71.001, *et seq.*

## II.    PARTIES

Plaintiff, **MARIA ISABEL RAMIREZ** is a resident of Hidalgo County, Texas and is the natural mother of decedent, MANUEL RAMIREZ, JR..

Plaintiff, **MANUEL RAMIREZ, SR.** is a resident of Hidalgo County, Texas and is the natural father of decedent, MANUEL RAMIREZ, JR..

Plaintiff, **AMISADAI PEREZ CASTELLANOS** is a resident of Hidalgo County, Texas and is the mother of **Z**_____, a minor and a child of the decedent, MANUEL RAMIREZ, JR.

Plaintiff, **SYLVIA GOMEZ,** is a resident of of Hidalgo County, Texas and is the mother of **Z**_____, a minor and **E**_____, both minors children of the decedent, MANUEL RAMIREZ, JR.

Plaintiff, **THE ESTATE OF MANUEL RAMIREZ, JR.** is being represented by the decedent's parents. The estate has no debts and no administration of the estate is pending and none is necessary or desired by those interested in the estate.

Defendant, **RCI HOSPITALITY HOLDINGS, INC.,** may be served by serving Robert Axelrod, 5300 Memorial Drive Ste 1000, Houston, TX 77007. PLEASE EMAIL THE CITATION TO CHRIS@HIGDONLAWYERS.COM SO PRIVATE SERVICE MAY BE DONE.

Defendant, **CITY OF BEAUMONT,** is a home rule municipality situated in Jefferson County, Texas and may be served by serving its City Secretary, Tina Broussard at 801 Main St., Ste 125, Beaumont, TX 77701. PLEASE EMAIL THE CITATION TO CHRIS@HIGDONLAW-YERS.COM SO PRIVATE SERVICE MAY BE DONE.

This claim is brought under the Texas Tort Claims Act (TTCA) TCPRC Sec. 101.021. This Court has subject-matter jurisdiction over the claims against the City of Beaumont under the TTCA

because the Texas Legislature waived the City of Beaumont's sovereign and governmental immunity for claims involving personal injury and property damages caused by the negligence of the City of Beaumont's employee (described below) arising from the operation or use of a tangible personal instrument as if that person would be personally liable to the Plaintiff under Texas Law. This claim, as more fully set forth below, falls within that waiver of immunity.

The City of Beaumont had actual knowledge of this claim under TCPRC Section 101.101(a) because it was investigated by a City of Beaumont employee who determined that the City of Beaumont's employee shot decedent.

### III.    JURISDICTION AND VENUE

The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of this Honorable Court. Venue is proper in Jefferson County, Texas, because the incident made the basis of this lawsuit occurred in Jefferson County, Texas.

### IV.    FACTS

On March 1, 2020 Decedent Manuel Ramirez, Jr. went to Temptations Cabaret in Beaumont, Texas. He had already been drinking alcohol and despite his appearant intoxication, Temptations Cabaret continued to serve him alcohol until he was beyond the legal limit of alcohol to drive a vehicle in Texas and was so enebriated he lost control over his mental faculties. An altercation between Decedent and others broke out and became violent. Decedent was thrown out of the bar and arm conflict arouse. Beaumont Police Officers arrived and in the melee they shot Decedent in the back. Decedent subcomed to his injuries on July 24, 2020.

### V.    NEGLIGENCE OF DEFENDANT RCI HOSPITALITY HOLDINGS, INC.

At the time and on the occasion in question, RCI HOSPITALITY HOLDINGS, INC.. D/B/A TEMPTATIONS CABARET, occupied, controlled, leased, and/or owned

*PLAINTIFF'S ORIGINAL PETITION*                                         *Page 3*

TEMPTATIONS CABARET located at 5900 College St., Beaumont, TX 77707. Defendant and its employees failed to use ordinary care by various acts of omissions and/or commissions, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

A.    In failing to monitor the guests it allowed on its premises;

B.    In failing to implement safety measures to prevent assaults on its premises;

C.    In failing to properly train its employees on how to recognize when an individual is intoxicated;

D.    In failing to properly train its employees not to serve alcohol beverage to an intoxicated individual;

E.    Failing to adequately train their employees in how to properly manage and secure a party where alcohol was served;

F.    Misrepresenting to Decedent that its establishment was a safe and secure place to visit and that it was professionally managed and secured;

G.    In failing to warn others that a dangerous condition existed;

H.    In creating a hazard to others; and

I.    Failing to have adequate security, control, policies, procedures, measures and/or equipment for any foreseeable criminal and/or dangerous activities Defendant, by and through its agents, and/or employees, knew or should have known about.

Such negligence, either singularly or in combination, proximately caused Decedent's death and Plaintiffs' injuries and resulting damages.

Nothing Plaintiffs did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

### PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST
### RCI HOSPITALITY HOLDINGS, INC. D/B/A TEMPTATIONS CABARET

Plaintiffs incorporate all preceding paragraphs by reference as if set forth in full herein.

Defendant had a duty to Decedent because it occupied, controlled, leased, and/or owned

*PLAINTIFF'S ORIGINAL PETITION*                                        *Page 4*

the restaurant at which the accident took place.

Defendant failed to act in accordance with the appropriate standard of care causing Decedent, an invitee, to suffer physical and emotional injuries. Defendant knew or reasonably should have known of the danger. Defendant breached its duty by failing to warn Decedent of the condition and failing to make the premises reasonably safe.

All of the foregoing acts and omissions on the part of the Defendant constitute a direct and proximate cause of the injuries suffered and damages incurred by Decedent.

### PREMISES LIABILTY

Decedent MANUEL RAMIREZ was an invitee on the premises in question occupied, controlled, leased, and/or owned by Defendant. Defendant knew, or in the exercise of ordinary care, should have known of an unreasonable dangerous condition, which posed an unreasonable risk or harm to the general public, including Plaintiff, MANUEL RAMIREZ, but failed to inspect and make safe or adequately warn him of the condition.

In the alternative, Plaintiffs would show that Decedent was a licensee on the premises in question occupied, controlled, leased, and/or owned by Defendant. Defendant knew of an unreasonable dangerous condition existing, which posed an unreasonable risk of harm to the general public, including Decedent MANUEL RAMIREZ, but failed to make safe or adequately warn him of the condition. Decedent was without knowledge of the dangerous condition of the premises prior to the incident in question.

### PROXIMATE CAUSE

Each and every, all and singular of the foregoing acts and omissions, on the part of Defendant, taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

**DRAM SHOP LIABILITY**

At the time of the occurrence in question, Defendant RCI HOSPITALITY HOLDINGS, INC., INC. D/B/A TEMPTATIONS CABARET was a provider of alcohol under the authority of a license or permit issued by the Texas Alcoholic Beverage Commission. Defendant had a statutory duty pursuant to Tex. Alco. Bev. Code Ann. §2.02 to refrain from serving alcohol to obviously intoxicated patrons. On or about March 1, 2020, Defendant violated Tex. Alco. Bev. Code Ann. §2.02 by providing, under authority of a license, alcoholic beverages to unknown patrons and Decedent when it was apparent or should have been apparent to the provider that the recipients were obviously intoxicated to the extent that they presented a clear danger to themselves and others.

The intoxication of the unknown patrons and Decedent, the recipients of alcohol provided by Defendant, was a proximate cause of the occurrence in question and the Decedent's death and Plaintiff's resulting injuries and damages. Accordingly, the negligence of Defendant RCI HOSPITALITY HOLDINGS, INC., INC. D/B/A TEMPTATIONS CABARET.

**PLAINTIFF'S CLAIM OF GROSS NEGLIGENCE (EXEMPLARY DAMAGES)**

Plaintiff incorporates all preceding paragraphs by reference as if set forth in full herein.

Defendant's acts or omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs. Defendant had actual and constructive and subjective awareness of the risk involved in the acts and omissions set forth herein, but continued with conscious indifference to the rights, health, safety, or welfare of Plaintiffs.

Accordingly, Plaintiffs seeks exemplary damages for Defendant's tortious conduct pursuant to Section 41.003 of the Texas Civil Practices and Remedies Code.

**VI.        NEGLIGENCE OF DEFENDANT CITY OF BEAUMONT.**

At the time of the accident made the basis of this suit, Defendant, **CITY OF BEAUMONT** (by and through its employee police officers) were exercising police procedures negligently and carelessly in the following respects which, among others, may be shown at the trial of this cause:

1. In failing to properly train officers;

2. In failing to exercise due care when attempting to arrest a suspect;

3. In failing to talk down suspect who were obviously inoxicated;

4. In failing to operate their weapons reasonably and prudently; and

5. Failing to us tangible personal property, i.e. fireams in a safe, reasonable and prudent manner to avoid harm to others.

Each of these acts and omissions, singularly or in combination with others, constitutes negligence, which was the proximate cause of this incident, and the injuries sustained by Plaintiffs.

The City of Beaumont is a governmental unit liable for such acts of negligence pursuant to TCPRC 101.021.  Because their police officers were negligent as set forth above resulting in personal injuries and death of Mr. Ramirez, sovereign immunity is waived under TTCA

At the time and immediately prior to the incident, the police officers were within the course and scope of employment for the City of Beaumont, engaged in the furtherance of the City of Beaumont's official business; and, was engaged in accomplishing a task for which they were employed and was operating a motor vehicle owned by the City of Beaumont.

Under Texas law, these police officers would be personally liable to Plaintiffs for the negligent acts they committed that resulted in Mr. Ramirez' death and injuring to Plaintiffs.  Under Texas law and the doctrine of Respondeat Superior, the City of Beaumont is liable for these acts and omissions.

## COMPARATIVE NEGLIGENCE OF DECEDENT

Nothing Decedent did or failed to do contributed to this accident.

## VII.    DAMAGES

Plaintiffs seek all elements of damages, in the past and in the future, permitted under the Texas law from Defendants including, but not limited to, claims for medical expenses, physical pain and suffering, mental anguish, pecuniary loss, loss of earning capacity, loss of services, loss of companionship, loss of consortium, funeral expenses, property damges, emotional distress, loss of household services, and loss of inheritance and all said damages in an amount that Plaintiffs would show that they are entitled to at the time of trial. Plaintiffs also seek punitive or exemplary damages in an amount within the discretion of the jury sufficient to deter and punish Defendants. Finally, Plaintiffs asserts a claim for costs of court and pre-judgment and postjudgment interest allowed under Texas law minimum jurisdictional limits of the Court.

### JURY DEMAND

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiffs respectfully requests and demands a trial by jury.

### XI.    RULE 193.7 NOTICE

Pursuant to 193.7 of the Texas Rules of Civil Procedure, Plaintiff give actual notice to Defendant that any and all documents produced by Defendant may be used against Defendant at any pre-trial proceedings and/or trial of this matter without the necessity of authenticating the produced documents.

### XII.    REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194(a), each Defendant is required to disclose, within thirty (30) days of the filing of the first answer, the information of material described in

Rule 194.2(b) 1 – 12.  Any Defendant that is served or otherwise joined after the filing of the first answer must make their initial disclosures within thirty (30) days after being served or joined.

## XIII.   PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully prays that Defendants, be cited to appear and answer herein and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and for any and all further relief, both general and special, legal and equitable to which Plaintiff may be justly entitled.

Respectfully submitted,

**HIGDON LAWYERS**

/s/Christopher D. Bertini
**PAUL A. HIGDON**
SBN: 09590700
CHRISTOPHER D. BERTINI
SBN: 02256060
4900 Fournace Place, Suite 460
Bellaire, Texas 77401
staff@higdonlawyers.com -E-file
chris@higdonlawyers.com
713/223-7300-Telephone
713/223-7331 Facsimile

**ATTORNEY FOR PLAINTIFF**

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
2/2/2022 1:16 PM
JAMIE SMITH
DISTRICT CLERK
A-209040

**CAUSE NO. A-209040**

| | | |
|---|---|---|
| MARIA ISABEL RAMIREZ, MANUEL | § | IN THE DISTRICT COURT OF |
| RAMIREZ, SR., EACH INDIVIDUALLY | § | |
| & AS REPRESENTATIVES OF THE | § | |
| ESTATE OF MAUEL RAMIREZ, JR.; | § | |
| AMISADAI PEREZ CASTELLANOS | § | |
| ANF OF Z___, A MINOR AND SYLVIA | § | JEFFERSON COUNTY, TEXAS |
| GOMEZ ANF OF N___ AND E____, A | § | |
| MINOR. | § | |
| | § | |
| VS. | § | |
| | § | |
| RCI HOSPITALITY HOLDINGS AND | § | |
| CITY OF BEAUMONT | § | 58th JUDICIAL DISTRICT |

## DEFENDANT CITY OF BEAUMONT'S ORIGINAL ANSWER
## AND SPECIAL EXPECTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the City of Beaumont, Defendant in the above-entitled and numbered

cause, and files this, its Original Answer to Plaintiffs' Original Petition, and, in support thereof,

would show the Court the following:

### I.
### General Denial

Defendant denies each and every, all and singular, the allegations contained in Plaintiffs'

Original Petition and demands strict proof thereof.

### II.
### Special Expectations

Plaintiffs have brought suit against the City of Beaumont for the alleged misconduct

(among other claims) of Beaumont Police Officer(s); however, Plaintiffs have failed as they must

to identify any Beaumont Police Officer by name.

Defendant request that the Plaintiffs amend their Petition to allow for a proper response. Without waiving same, the Defendant also pleads the following:

III.

**Contributory Negligence and other Affirmative Defenses**

Defendant would show that at the time and on the occasion in question, Manuel Ramirez ("Ramirez") failed to use that degree of care and caution that would have been exercised by persons of ordinary prudence under the same or similar circumstances; namely, failing to comply with lawful orders given by Beaumont Police Officers and other acts of negligence, which will be shown at the time of trial. Such acts and/or omissions of negligence on the part of Ramirez's proximately caused or proximately contributed to his death and any alleged damages or injuries resulting therefrom.

Any Officers involved would have official immunity under Texas law as he was in performance of their discretionary duties and actions within the scope of their authority as a city police officer, all in good faith. See Section 101.026, Tex. Civ. Prac. & Rem. Code.

Any Officers involved would have qualified immunity from liability under 42 U.S.C. §1983, because they acted under the reasonable belief that their actions were within the scope of their official capacity and discretion and did not violate the Ramirez's rights. As such, the City has no liability to the Plaintiffs, because the officers involved acted appropriately under the circumstances.

Any Officers involved acted reasonably under the circumstances to ensure their safety and the safety of others.

Any exemplary damages are limited by Section 41.008, Tex. Civ. Prac.& Rem. Code, and the Eighth and Fourteenth Amendments of the U.S. Constitutions.

To the extent that the Plaintiffs seek to recover from the City only for Texas state law tort claims, Plaintiff failed to provide the City of Beaumont notice of their claim as required by §101.101 of the Tex. Civ. Prac. & Rem. Code and the City Charter for the City of Beaumont. Further, the City of Beaumont has full governmental immunity both from suit and from liability except insofar as same is waived by the Texas Tort Claims Act, Chapter 101, et seq., of the Tex. Civ. Prac. & Rem. Code. Defendant hereby pleads and asserts that governmental immunity and avoidance in defense of Plaintiffs' claims. In this respect, Defendant specifically pleads all limitations under the Texas Tort Claims Act and specifically pleads, not to the exclusion of all other limitations, the following express limitations of said Chapter: 101.021, 101.0215, 101.023, 101.024, 101.026, 101.026, 101.055, 101.057, 101.101, and 101.106.

To the extent that Plaintiffs seek recovery from any officers involved for state law tort claims, same are barred by Section 101.106 of Tex. Civ. Prac. & Rem. Code. Defendant would invoke the provisions of Chapter 33, §41.0105 and §18.091, of Tex. Civ. Prac. & Rem. Code.

WHEREFORE, PREMISES CONSIDERED, Defendant moves and prays the Court that, upon trial hereof, the Plaintiffs recover nothing and that Defendant recovers its costs and such other and further relief to which it is entitled.

Respectfully submitted,

CITY OF BEAUMONT
P. O. Box 3827
Beaumont, TX  77704
(409)880-3715 (telephone)
(409)880-3121 (fax)

/s/ Sharae N. Reed
City Attorney
P. O. Box 3827
Beaumont, Texas   77704
Sharae.Reed@BeaumontTexas.gov
(409)880-3715 (office)
(409)880-3121 (telefax)
State Bar No. 24068467

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been transmitted to all known counsel of record on this the 2nd of February, 2022, by the following method:

_____United States Postal Service _____Certified Mail, Return Receipt Requested;
_____Hand-Delivery;
_____Federal Express;
_____Telefacsimile;
  x  E-File.

/s/ Sharae N. Reed

_____
Sharae N. Reed

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stephanie Saldana on behalf of Sharae Reed
Bar No. 24068467
stephanie.saldana@beaumonttexas.gov
Envelope ID: 61390950
Status as of 2/2/2022 1:20 PM CST

Associated Case Party: MARIAISABELRAMIREZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Christopher David Bertini | 2256060 | chris@higdonlawyers.com | 2/2/2022 1:16:41 PM | SENT |
| Paul Higdon | 9590700 | staff@higdonlawyers.com | 2/2/2022 1:16:41 PM | SENT |

Associated Case Party: RCI HOSPITALITY HOLDINGS INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Darrell Barger | | dbarger@hartlinebarger.com | 2/2/2022 1:16:41 PM | SENT |
| Brian Rawson | | brawson@hartlinebarger.com | 2/2/2022 1:16:41 PM | SENT |
| Roy B.McKay | | rmckay@hartlinebarger.com | 2/2/2022 1:16:41 PM | SENT |
| Jacob B.Damrill | | jdamrill@hartlinebarger.com | 2/2/2022 1:16:41 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Susan Sanders | | ssanders@hartlinebarger.com | 2/2/2022 1:16:41 PM | SENT |

Associated Case Party: CITY OF BEAUMONT

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sharae N.Reed | | Sharae.Reed@BeaumontTexas.gov | 2/2/2022 1:16:41 PM | SENT |
| Stephanie Saldana | | stephanie.saldana@beaumonttexas.gov | 2/2/2022 1:16:41 PM | SENT |
| Susan Smith | | Susan.Smith@beaumonttexas.gov | 2/2/2022 1:16:41 PM | SENT |

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
1/21/2022 1:21 PM
JAMIE SMITH
DISTRICT CLERK
A-209040

**CAUSE NO. A-209040**

| | | |
|---|---|---|
| MARIA ISABEL RAMIREZ, MANUEL | § | IN THE DISTRICT COURT |
| RAMIREZ, SR., EACH INDIVIDUALLY & | § | |
| AS REPRESENTATIVES OF THE ESTATE | § | |
| OF MANUEL RAMIREZ, JR.; AMISADAI | § | |
| PEREZ CASTELLANOS, A/N/F OF Z., A | § | |
| MINOR AND SYLVIA GOMEZ A/N/F OF | § | |
| N. AND E., MINOR CHILDREN, | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| v. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| RCI HOSPITALITY HOLDINGS, INC. AND | § | |
| and CITY OF BEAUMONT, | § | |
| | § | |
| *Defendants.* | § | 58th JUDICIAL DISTRICT |

**DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S**
**SPECIAL EXCEPTIONS, VERIFIED DENIALS, AND ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant RCI Hospitality Holdings, Inc. ("RCIHH") files its Special Exceptions, Verified

Denials, and Original Answer to Plaintiffs' Original Petition, and in support thereof, would

respectfully show the Court as follows:

**I.**
**SPECIAL EXCEPTIONS**

1.      Special exceptions allow one party to inform the opposing party of defects in his

pleading so he can cure them, if possible, by amendment. *Horizon/CMS Healthcare Corp. v. Auld,*

34 S.W.3d 887, 897 (Tex. 2000).  A defendant may move for special exceptions and a motion to

dismiss if the plaintiff's suit is not permitted by law.  *Wayne Duddlesten, Inc. v. Highland Ins.,*

110 S.W.3d 85, 96-97 (Tex. App.—Houston [1st Dist.] 2003, pet denied).

2.      TEX. ALCO. BEV. CODE § 2.03 states:

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

February 3, 2022

JAMIE SMITH, DISTRICT CLERK

By _____

(a) The liability of providers under this chapter for the actions of their employees, customers, members, or guests who are or become intoxicated is in lieu of common law or other statutory warranties and duties of providers of alcoholic beverages.

(b) This chapter does not impose obligations on a provider of alcoholic beverages other than those expressly stated in this chapter.

(c) This chapter provides the exclusive cause of action for providing an alcoholic beverage to a person 18 years of age or older.

This provision clearly bars Plaintiffs' negligence, premises liability, and gross negligence claims against RCIHH in this case. Plaintiffs' negligence, premises liability, and gross negligence allegations all arise out of Decedent Manuel Ramirez, Jr.'s ("Decedent") alleged intoxication and relate to same. Subsection (a), then, clearly bars all claims for negligence, premises liability, and gross negligence since it abrogates **all** duties—other than Dram Shop Act liability—for "customers, members, or guests who are or become intoxicated." *Id.* This provision is not in any way limited to acts directly arising from the intoxication and is **explicitly** broadly written to bar claims in any way related to the provision of alcohol. *See Parker v. 20801, Inc.*, 194 S.W.3d 556, 560-63 (Tex. App. 2006, pet. granted), *reversed on other grounds*, 294 S.W.3d 392 (Tex. 2008) (finding premises liability claims preempted by Dram Shop Act and detailing cases expansively applying Dram Shop Act to preempt common law liability). Therefore, Plaintiffs' negligence, premises liability, and gross negligence claims against RCIHH are not viable, and Plaintiffs should be forced to replead and remove them. Failing that, Plaintiffs' negligence, premises liability, and gross negligence causes of action against RCIHH should be dismissed by the Court.

## II.
### VERIFIED DENIALS

3. RCIHH denies that it is liable to Plaintiffs in the capacity in which it has been sued.



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

February 3, 2022

JAMIE SMITH, DISTRICT CLERK

4.     RCIHH denies that it owns, operates, or controls Temptations Cabaret located at 5900 College St., Beaumont, Texas ("Temptations"), as asserted in Plaintiffs' Original Petition.

5.     RCIHH denies that it had any employees or agents acting within the course and scope of their employment at Temptations where the alleged acts and/or omissions giving rise to Plaintiffs' claims are alleged to have occurred, as asserted in Plaintiffs' Original Petition.

6.     RCIHH denies that it does business as "Temptations Cabaret," as asserted in Plaintiffs' Original Petition.

7.     Based on the foregoing, RCIHH asserts there is a defect of parties.

### III.
### GENERAL DENIAL

8.     Pursuant to Rule 92 of the Texas Rules of Civil Procedure, RCIHH denies each and every material allegation contained in Plaintiffs' Original Petition and any amendments or supplements thereto, demands strict proof thereof, and to the extent such matters are questions of fact, says Plaintiffs should prove such facts by a preponderance of the evidence to a jury if they can do so.

### IV.
### AFFIRMATIVE DEFENSES

9.     Pleading further, alternatively, and by way of affirmative defense, RCIHH invokes the comparative and proportionate responsibility provisions of the Texas Civil Practice & Remedies Code, §33.001, *et seq.*

10.     Pleading further, alternatively, and by way of affirmative defense, RCIHH would show that at the time and on the occasion in question, other beyond RCIHH's control, including but not limited to, Manuel Ramirez, Jr. ("Decedent"), failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

February 3, 2022

JAMIE SMITH, DISTRICT CLERK

circumstances, and that such failure was a proximate cause or a producing cause or the sole proximate cause or the sole producing cause of the incident in question and any alleged damages stemming therefrom.

11.     Pleading further, alternatively, and by way of affirmative defense, RCIHH would show that the incident in question—and Plaintiffs' alleged injuries and damages, if any—were the result of criminal acts and/or commissions of others beyond RCIHH's control, including, but not limited to, Decedent, whose acts or omissions were a proximate cause or producing cause or the sole proximate cause or the sole producing cause of the incident in question and Plaintiffs' alleged injuries and damages, if any.

12.     Pleading further, alternatively, and by way of affirmative defense, RCIHH would show the incident in question—and Plaintiffs' alleged injuries and damages, if any—were the result of negligent acts and/or omissions of others beyond RCIHH's control, including, but not limited to, Decedent, whose acts or omissions were a proximate cause or a producing cause or the sole proximate cause or the sole producing cause of the incident in question and Plaintiffs' alleged injuries and damages, if any.

13.     Pleading further, alternatively, and by way of affirmative defense, RCIHH would show, in the unlikely event that any liability would be found on the part of RCIHH, such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of any persons or third parties over whom RCIHH had no control and for whom RCIHH is not responsible, including, but not limited to, Decedent.

14.     Pleading further, alternatively, and by way of inferential rebuttal defense, RCIHH would show that Plaintiff's alleged injuries and damages were the result, in whole or in part, of a

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

February 3, 2022

JAMIE SMITH, DISTRICT CLERK
CLERK OF JEFFERSON COUNTY

By _____, Deputy

new and independent cause and/or intervening and superseding cause, which was not reasonably foreseeable by RCIHH.

15.     Pleading further, alternatively, and by way of affirmative defense, RCIHH pleads the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Eighth and Fourteenth Amendments of the Constitution of the United States and similar provisions of the Texas Constitution.   Furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, and denies RCIHH equal protection of the law and due process under the Fourteenth Amendment.   RCIHH pleads that any claim by Plaintiffs for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above.

16.     Pleading further, alternatively, and by way of affirmative defense, RCIHH would show that the imposition of punitive damages sought by Plaintiffs violates RCIHH's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, to due course of law and equal protection under Article 1, Sections 3 and 19 of the Texas Constitution, and the prohibition against excessive fines in Article 1, Section 13 of the Texas Constitution, in that:

   a.     Texas law and the Texas punitive-damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award.   Texas law and the Texas punitive-damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion.

   b.     RCIHH had no notice of or means of ascertaining whether, or if so in what amount, it might be assessed a penalty for the conduct alleged by Plaintiffs in this case. That lack of notice was compounded by the absence of any adequate or meaningful

standards as to the kind of conduct that might subject RCIHH to punitive damages or as to the potential amount of such an award.

c.     Under Texas law and the Texas punitive-damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed.

d.     Under Texas law and the Texas punitive-damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant.

e.     No provision of Texas law or the Texas punitive-damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v. Haslip*, 499 U.S.1 (1990), and *Matthews v. Eldridge*, 424 U.S. 319 (1976), for the imposition of a punitive award.

f.     Texas law and the Texas punitive-damage scheme do not provide for adequate post-trial review of punitive-damage awards or the amount thereof, and do not provide objective standards for such review.

g.     Texas law and the Texas punitive-damage scheme do not provide for adequate appellate review of punitive-damage awards or the amount thereof, and do not provide objective standards for such review.  Those inadequacies are compounded by the constraints upon review of such awards by the Texas Supreme Court, including Article 5, Section 6 of the Texas Constitution and section 22.225 of the Texas Government Code.

h.     In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Texas law and the Texas punitive-damage scheme, including sections 41.001 through 41.013 of the Texas Civil Practice and Remedies Code, place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth.

i.     Under Texas law and the Texas punitive-damage scheme, there is no limit on the number of times RCIHH could be held accountable for punitive damages based on the same alleged conduct as that alleged in this case.

17.     Pleading further, alternatively, and by way of affirmative defense, RCIHH would show that the net effect of Texas's punitive-damage system is to impose punitive damages in an arbitrary and discriminatory manner.  The lack of adequate guidelines or review and undue emphasis on defendant's wealth inevitably lead to variations in result without any rational basis

I CERTIFY THIS IS A TRUE COPY
(Attested by hand and seal of Office)
February 3, 2022
JAMIE SMITH, DISTRICT CLERK

for differentiation, and without serving any legitimate governmental purpose or interest.  As a result, the federal and state constitutional mandates for equal protection (U.S. Const. Amend. 14; Texas Const. Art. 1, § 3) are violated.  Insofar as the lodestone of the Texas punitive-damage system is in the depth of the defendant's pockets, that invidious discrimination is itself an affront to the federal and state constitutions' equal-protection mandates.

18.     Pleading further, alternatively, and by way of affirmative defense, RCIHH contends that any claims for medical or health care expenses are limited to the amount actually paid or incurred by or on behalf of Plaintiffs pursuant to Texas Civil Practice and Remedies Code § 41.0105.

19.     Pleading further, alternatively, and by way of affirmative defense, RCIHH would show that, pursuant to Section 18.091 of the Texas Civil Practice and Remedies Code, to the extent Plaintiffs seek recovery for loss of earnings, lost wages, loss of earning capacity, and/or loss of contributions of pecuniary value, Plaintiffs must present evidence of the alleged loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

20.     Pleading further, alternatively, and by way of affirmative defense, RCIHH invokes all rights and limitations found in Chapter 41 of the Texas Civil Practice and Remedies Code, including the limitations on damage awards.

21.     Pleading further, alternatively, and by way of affirmative defense, in the unlikely event that an adverse judgment would be rendered against it, RCIHH would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiff may have entered with any other party.

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 3, 2022
JAMIE SMITH, DISTRICT CLERK

DEFENDANT RCI/HOSPITALITY HOLDINGS, INC.'S SPECIAL EXCEPTIONS, VERIFIED DENIALS, AND ORIGINAL ANSWER                    PAGE 7

22.     Pleading further, alternatively, and by way of affirmative defense, RCIHH would show that Plaintiffs' claims against RCIHH are barred, in whole or in part, by the Texas Dram Shop Act.

23.     Pleading further, in the alternative, and by way of affirmative defense, RCIHH would show that Plaintiffs' gross negligence cause of action is barred by the Texas Dram Shop Act.

24.     Pleading further, in the alternative, and by way of affirmative defense, RCIHH would show that Plaintiffs' claim for exemplary damages is barred by the Texas Dram Shop Act.

25.     RCIHH reserves the right to amend this Answer to assert additional defenses, affirmative or otherwise, to challenge venue, and to assert third-party claims, all as may be required upon the completion of reasonable discovery and investigation.

## V.
## REQUEST FOR COURT REPORTER

26.     RCIHH respectfully requests that a court reporter attend all sessions in court in connection with this case and that said reporter take full notes of all testimony offered, together with any objections, rulings, and remarks of the Court and exemptions thereto and such other proceedings as may be needed or requested by RCIHH. *See Christie v. Price*, 558 S.W.2d 922, 923 (Tex. Civ. App.—Texarkana 1977, no writ).

## VI.
## JURY DEMAND

27.     RCIHH respectfully demands a jury for the trial of this matter.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant RCI Hospitality Holdings, Inc. respectfully prays that the Court sustain its special exceptions and order Plaintiffs to replead and

Witness my Hand and Seal of Office
February 3, 2022
JAMIE SMITH, DISTRICT CLERK

DEFENDANT RCI HOSPITALITY HOLDINGS, INC.'S SPECIAL EXCEPTIONS,
VERIFIED DENIALS, AND ORIGINAL ANSWER                                                          PAGE 8

cure their pleading defects, and, if the pleading defects are not cured, strike the defective portions

of Plaintiffs' pleadings.  RCIHH further respectfully prays that Plaintiffs take nothing by this suit;

for an award of all costs and expenses incurred on its behalf; and for such other and further relief,

both at law and in equity, to which RCIHH may show itself to be justly entitled.

Respectfully submitted,

*/s/ Brian Rawson*

**BRIAN RAWSON**
State Bar No. 24041754
brawson@hartlinebarger.com
**ROY B. MCKAY**
State Bar No. 24071171
rmckay@hartlinebarger.com
**JACOB B. DAMRILL**
State Bar No. 24097564
jdamrill@hartlinebarger.com
**HARTLINE BARGER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, TX 75231
(214) 369-2100
(214) 369-2118 (facsimile)

and

**DARRELL L. BARGER**
State Bar No. 01733800
dbarger@hartlinebarger.com
**HARTLINE BARGER LLP**
800 North Shoreline Blvd.
Suite 2000 – North Tower
Corpus Christi, Texas 78401
(361) 866-8000
(361) 866-8039 – Fax

**ATTORNEYS FOR DEFENDANT
RCI HOSPITALITY HOLDINGS, INC.**



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
February 3, 2022
JAMIE SMITH, DISTRICT CLERK

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on all counsel of record in accordance with the applicable Texas Rules of Civil Procedure on January 21, 2022.

*/s/ Brian Rawson*
**BRIAN RAWSON**

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

February 3, 2022

JAMIE SMITH, DISTRICT CLERK

DEFENDANT HOSPITALITY HOLDINGS, INC.'S SPECIAL EXCEPTIONS, VERIFIED DENIALS, AND ORIGINAL ANSWER                    PAGE 10

STATE OF TEXAS            §
                         §
COUNTY OF HARRIS          §

On this day, Scott Sherman appeared before me, the undersigned notary public, and, after first being duly sworn, stated that he is an authorized representative of RCI Hospitality Holdings, Inc., a Defendant in the above-entitled and numbered cause, that he has read the foregoing Verified Denials and Original Answer, and that the factual allegations stated in paragraphs 3–7 are within his personal knowledge and are true and correct.

SCOTT SHERMAN

SUBSCRIBED AND SWORN TO before me on this 19 day of January, 2022.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS

WESLEY WILLIS
Notary Public, State of Texas
Comm. Expires 07-11-2022
Notary ID 131039084

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

February 3, 2022

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

DEFENDANTS RCI HOSPITALITY HOLDINGS, INC.'S SPECIAL EXCEPTIONS,
VERIFIED DENIALS, AND ORIGINAL ANSWER
Page 11 of 12

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stephanie Hyland on behalf of Brian Rawson
Bar No. 24041754
SHyland@hartlinebarger.com
Envelope ID: 61034978
Status as of 1/21/2022 1:29 PM CST

Associated Case Party: MARIAISABELRAMIREZ

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Paul Higdon | 9590700 | staff@higdonlawyers.com | 1/21/2022 1:21:24 PM | SENT |
| Christopher David Bertini | 2256060 | chris@higdonlawyers.com | 1/21/2022 1:21:24 PM | SENT |

Associated Case Party: RCI HOSPITALITY HOLDINGS INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brian Rawson | | brawson@hartlinebarger.com | 1/21/2022 1:21:24 PM | SENT |
| Roy B.McKay | | rmckay@hartlinebarger.com | 1/21/2022 1:21:24 PM | SENT |
| Jacob B.Damrill | | jdamrill@hartlinebarger.com | 1/21/2022 1:21:24 PM | SENT |
| Darrell Barger | | dbarger@hartlinebarger.com | 1/21/2022 1:21:24 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Susan Sanders | | ssanders@hartlinebarger.com | 1/21/2022 1:21:24 PM | SENT |



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

February 3, 2022

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith  Page 12 of 12